IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER DIXON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY INTERMEDIATE UNIT 3 | ) | |
| and MISSIONONE EDUCATIONAL | ) | |
| STAFFING SERVICES, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, CHRISTOPHER DIXON, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.  This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended), as well as 42 U.S.C. § 1983 and pendent state law claims.

2.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. § 2000e.  The Court has jurisdiction over Plaintiff's state law claim under the doctrine of pendant jurisdiction.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    A.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 9, 2017, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B.    The United States Department of Justice issued a Notice of Right to Sue dated October 24, 2017, regarding to Allegheny Intermediate Unit 3, and the EEOC issued a Notice of Right to Sue Letter regarding MissionOne Educational Staffing Services dated November 2, 2017, and;

    C.    Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notices of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Christopher Dixon, is an adult male who resides in Fayette County, Pennsylvania.

6. Defendant, Allegheny Intermediate Unit 3 ("AIU"), is a public education entity organized under the Pennsylvania School Code, 24 P.S. 9-951, *et seq.* with administrative offices located at 475 East Waterfront Drive, Homestead, Pennsylvania 15120.

7. Defendant, MissionOne Educational Staffing Services ("MissionOne"), is a Delaware corporation, with a registered office at 800 Kings Highway North, Cherry Hill, New Jersey 08034.

8. Defendants, AIU and MissionOne, are and, at all times relevant hereto, have been, employers in an industry affecting commerce within the meaning of Section 701(b) of the Civil

Rights Act of 1964 (as amended), 42 USC 2000(e)(b), and is thus covered by the provisions of Title VII.

9. At all times relevant hereto, Defendants AIU and MissionOne were acting through their agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

10. Plaintiff, Christopher Dixon, was employed by the Defendant, AIU, as a paraprofessional at Pathfinder School, located at 53 Donati Road, Bethel Park, Pennsylvania 15102, intermittently and in various capacities from 2008 through his constructive discharge on October 3, 2016. Plaintiff became employed with Defendant, MissionOne, on or about July 14, 2015. Through MissionOne, Plaintiff received job assignments with AIU.

11. After becoming employed with MissionOne, Plaintiff used its website to access and accept available work assignments at AIU.

12. Throughout September of 2016, Plaintiff worked three to five shifts per week at AIU's Pathfinder School, a school for students with special needs.

13. In September, 2016, Plaintiff began to see a significant decrease in the number of shifts available to him at AIU, through MissionOne. By October 4, 2016, MissionOne showed no available shifts for Plaintiff at AIU's Pathfinder School. Plaintiff has never been contacted by either Defendant since prior to October 4, 2011, regarding available work shifts and/or a return to work.

14. Based on the above, Plaintiff contacted Krista Williams, MissionOne's Area Manager for Allegheny County, to inquire about the lack of shifts available to him at AIU. Ms. Williams directed the Plaintiff to contact Jamie Guenther, a human resources representative.

15. When Plaintiff contacted Ms. Guenther, he was informed that he had been blocked from receiving work shifts at AIU, through MissionOne, due to inappropriate incidents that had allegedly occurred on September 25, 2016 and October 3, 2016.

16. Plaintiff was never notified of any complaints or concerns regarding his conduct at any time prior to contacting Ms. Guenther.

17. On or about September 25, 2016, an autistic student sat on Plaintiff's lap, and Plaintiff rubbed his back while they talked. Despite the fact that this type of interaction is a common occurrence among teachers and students at Pathfinder School, Plaintiff was allegedly written up for engaging in inappropriate conduct with the student.

18. Plaintiff was never notified of this alleged September 25, 2016, write up, nor did he ever receive any documentation supporting this allegation.

19. Ms. Guenther further informed the Plaintiff that he had allegedly been written up regarding an allegation that he had laid on the floor of the Pathfinder School's sensory room with a student. On October 3, 2016, Plaintiff sat on the floor with a student in the sensory room, which conduct is a common occurrence among teachers and students, and a practice known to be and deemed to be appropriate and acceptable.

20. Plaintiff was never notified of this alleged October 3, 2016, write up, nor did he ever receive any documentation supporting this allegation.

21. Plaintiff believes that the reasons reported to him for his not being offered work by AIU and/or MissionOne are pretextual and unworthy of belief.

22. Plaintiff further believes and, therefore, avers that he was being targeted for adverse employment actions by the Defendants based on his sex, male, and for not conforming to gender stereotypes. Plaintiff is a homosexual.

23. Female teachers, and male teachers who are not homosexual, have engaged in the same or similar conduct as the Plaintiff and have not been subject to adverse employment actions.

24. Plaintiff has been treated less favorably than female teachers and male teachers who are not homosexual and who do conform to gender stereotypes, in that those employees were not falsely accused of improper conduct and/or barred from receiving work shifts at AIU, through MissionOne.

25. As a direct result of Defendants' actions, and because Defendants refused to schedule Plaintiff for any work, Plaintiff was constructively discharged from his employment with AIU and MissionOne on or about October 3, 2016.

## COUNT I:

## PLAINTIFF v. DEFENDANTS AIU AND MISSIONONE

## SEX DISCRIMINATION

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth at length herein.

27. As described hereinbefore above, Plaintiff was discriminated against based upon his sex in that he was treated in a manner different than and disparate to that of similarly situated female employees, and different than male employees who were not homosexual and who conformed to gender stereotypes as described hereinbefore above.

28. As a direct result of the Defendants' discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, as described above, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, loss of reputation, humiliation and embarrassment.

29. The actions of the Defendants, through their employees, as aforementioned were

intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

30.     The actions on the part of the Defendants, through their employees, are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests the following:

a.  that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of Title VII;

b.  that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

c.  that the Court award damages to the Plaintiff to compensate him for damages resulting from his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.  that the Court award the Plaintiff punitive damages as a result of Defendants' willful violation of Title VII;

e.  that the Court order Defendants to award the Plaintiff the position from which he was constructively discharged before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendants to pay the Plaintiff front or future pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for Defendants discriminatory conduct;

f.  that the Court enjoin the Defendants from improperly indicating on any official documents that Plaintiff was investigated for abuse;

g.  that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

h.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

      i.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS AIU AND MISSIONONE

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

31. Plaintiff incorporates Paragraphs 1 through 30 as though fully set forth at length herein.

32. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

33. As described hereinbefore above, Plaintiff was discriminated against based upon his sex in that he was treated in a manner, which is different than, and disparate to that of similarly situated female employees, and different than male employees who were not homosexual and conformed to gender stereotypes.

34. By discriminating against the Plaintiff without just cause or legal excuse and solely because of his sex, and by permitting the discrimination against the Plaintiff as aforementioned, Defendants have violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex with as well as prohibiting the aiding and abetting of such discrimination.

35. As a direct result of the Defendants' discriminatory actions and violations of the PHRA, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among his peers and stress.

36. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, pain, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing, may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

37. The actions on the part of the Defendants, through their employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

   WHEREFORE, Plaintiff respectfully requests the following:

   a. that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the PHRA;

   b. that the Court award the Plaintiff compensatory damages as a result of the Defendants' actions being unlawful and violative of the PHRA;

   c. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

   d. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

   e. that the Court grant the Plaintiff such additional relief as may be just and proper.

                                                                JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: December 29, 2017